**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 16-4392**

UNITED STATES OF AMERICA,

              Plaintiff - Appellee,

     v.

FRANK MICHAEL PEARSON,

              Defendant - Appellant.

**No. 16-4529**

UNITED STATES OF AMERICA,

              Plaintiff - Appellee,

     v.

FRANK MICHAEL PEARSON,

              Defendant - Appellant.

Appeals from the United States District Court for the Eastern District of Virginia, at Alexandria.  T. S. Ellis, III, Senior District Judge.  (1:15-cr-00193-TSE-1)

Submitted:  January 31, 2017     Decided:  February 15, 2017

Before SHEDD, AGEE, and THACKER, Circuit Judges.

Affirmed by unpublished per curiam opinion.

---

Daniel Tomas Lopez, BRIGLIAHUNDLEY, PC, Tysons Corner, Virginia, for Appellant.  Dana J. Boente, United States Attorney, Matthew Burke, Mark D. Lytle, Assistant United States Attorneys, Alexandria, Virginia, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Frank Michael Pearson appeals his conviction for four counts of embezzlement from a program receiving federal benefits, in violation of 18 U.S.C. § 666(a)(1)(A) (2012). Pearson challenges the district court's ruling that he was competent to stand trial, the sufficiency of the evidence supporting his conviction, and the district court's denial of his motion for a new trial. We reject each challenge and affirm.

First, we conclude that Pearson waived his challenge to his competency because, after moving in the district court for a finding of incompetency, he declined to offer any arguments in favor of his motion. See United States v. Robinson, 744 F.3d 293, 298 (4th Cir. 2014) ("A party who identifies an issue, and then explicitly withdraws it, has waived the issue.") (internal quotation marks omitted)). "When a claim of . . . error has been waived, it is not reviewable on appeal." United States v. Claridy, 601 F.3d 276, 284 n.2 (4th Cir. 2010). We therefore do not review Pearson's challenge to his competency.

Second, we reject Pearson's challenge to the sufficiency of the evidence against him. "In assessing the sufficiency of the evidence presented in a bench trial, we must uphold a guilty verdict if, taking the view most favorable to the Government, there is substantial evidence to support the verdict." United

3

States v. Armel, 585 F.3d 182, 184 (4th Cir. 2009) (internal quotation marks omitted). "Substantial evidence means evidence that a reasonable finder of fact could accept as adequate and sufficient to support a conclusion of a defendant's guilt beyond a reasonable doubt." Id. (internal quotation marks omitted). We conclude that the record contains substantial evidence of Pearson's guilt, including documents, bank statements, and testimony linking Pearson to the embezzlement scheme beyond a reasonable doubt.

Third, Pearson contends that the district court erred when it denied his motion for a new trial based on Brady v. Maryland, 373 U.S. 83 (1963). This court reviews a district court's denial of a motion for a new trial for abuse of discretion. United States v. Wilson, 624 F.3d 640, 660 (4th Cir. 2010). In doing so, the court may not substitute its judgment for the judgment of the district court. Id.

To receive a new trial based on Brady, "a defendant must: (1) identify the existence of evidence favorable to the accused; (2) show that the government suppressed the evidence; and (3) demonstrate that the suppression was material." United States v. King, 628 F.3d 693, 701 (4th Cir. 2011). Pearson argues that the prosecution violated Brady when it withheld evidence supporting allegations of a third party's wrongdoing found in an anonymous letter received after trial. The district court ruled

4

that Pearson only speculated that favorable evidence existed to support the allegations in the letter, and therefore, Pearson has failed to identify favorable evidence sufficient to establish a <u>Brady</u> violation. Because such speculation is insufficient under <u>Brady</u>, <u>see</u> <u>United States v. Caro</u>, 597 F.3d 608, 619 (4th Cir. 2010), we conclude that the district court did not abuse its discretion when it denied Pearson's motion for a new trial based on <u>Brady</u>.

Accordingly, we affirm the district court's judgment and its order denying a motion for a new trial. We dispense with oral argument because the facts and legal contentions were adequately presented in the materials before this court and argument would not aid the decisional process.

<u>AFFIRMED</u>